HIRSH v. MUNGER, appellant.

*Principal and surety—release of principal from judgment against him and surety.*

M. obtained a judgment against C. & Co. as principal and H. as surety. M., without the knowledge of H., discharged the judgment as to C. & Co. Afterward he issued execution against H., and H., under a threat of levy and sale, paid the execution. *Held,* that the discharge as to C. & Co. released H. and he was entitled to recover from M. the amount paid on the execution.

APPEAL from a judgment in favor of plaintiff, entered upon the report of a referee.

This action was brought to recover back money paid under the following circumstances: Stephen S. Cornell and George G. Cornell,

who were then partners in business under the firm name of S. S. Cornell & Co., on the 13th day of August, 1857, bought of the plaintiff, Ferdinand Hirsh, certain merchandise and gave him their firm note therefor for $305, due in four months, and payable to the order of the plaintiff; the plaintiff afterward indorsed the note and procured the same to be discounted by the defendant, Merrick Munger; it was not paid at maturity, and the makers and indorser were subsequently sued upon it by the defendant in this action, and a judgment recovered against all the parties, February 5, 1858, for damages and costs, $327.65. Afterward, and sometime in the year 1863, the defendant Munger received payment on said judgment from the principal debtors, the Cornells, and fully released and discharged said judgment as to them without the knowledge of the indorser, Hirsh.

The matter stood from that time until April, 1868, without any notice to or effort to collect of the plaintiff. At that time Munger caused an execution to be issued on the same judgment against Hirsh alone, and delivered the same to the sheriff of Onondaga county for collection. Hirsh was then doing business in Syracuse. The sheriff called on Hirsh, accompanied by the attorney for Munger, and to avoid a levy and sale of his property, Hirsh paid said execution, Munger's attorney at the time agreeing that Munger would assign said judgment to any one Hirsh should direct as against the Cornells.

The plaintiff Hirsh is a German, and could not read writing, and but illy understood the English language. When he requested the defendant to execute the assignment, and presented one to him for that purpose, he was then informed for the first time that Munger could not assign it, as he had satisfied the judgment as against the Cornells. An assignment was given Hirsh without recourse to Munger, the effect of which Hirsh did not know, and when informed upon the matter he returned it to Munger, and demanded the repayment of the amount he had paid on said execution, which was refused, and Hirsh brought this action to recover the amount so paid.

The referee before whom the action was tried found that the judgment in question was released, satisfied in fact as to the Cornells, but that it did not appear that there was an entry thereof on the records, and that it did not appear from the parol evidence given that the release was executed with reference to the statutes of this

State relating to the release of joint debtors. He found in favor of plaintiff for the amount paid by him on the execution, with interest and costs.

*E. G. Lapham,* for appellant.

*George N. Kennedy,* for respondent.

E. DARWIN SMITH, J. Upon the referee's report upon the facts in this case, I do not see how the judgment rendered by him can be disturbed. He finds that upon the payment of a certain amount by the principal debtors and joint judgment debtors, with the plaintiff in said judgment, the said joint debtors, S. S. Cornell & Co., being George and Stephen S. Cornell, were to be released, and accordingly the judgment as against them was released and satisfied in fact; and that it does not appear that said release was executed with reference to the statutes of this State, relating to the release of joint debtors.

After such release, the judgment must be deemed satisfied and discharged, and the issue of an execution thereon, as against the plaintiff, unauthorized and illegal, and the judgment for the recovery collected was thereupon properly rendered.

The exceptions to the decision of the referee, excluding the evidence of Munger, as to the terms of the agreement with the said Cornells, was cured, if valid, by the reception of the evidence of Munger on this point, notwithstanding the decision.

The witness, after such decision, answered as follows: " I remember that I agreed in that paper not to call on the Cornells for any further payment on that judgment," and gave other testimony without objection in respect to the contents of said release.

The assignment made by defendant of said judgment, upon this state of facts, was of no validity.

If the plaintiff, in said judgment, had discharged said Cornells from all further liability on the judgment, a co-defendant obviously could not enforce it for any further payment. It was, in legal effect, satisfied.

I do not see why the judgment must not be affirmed.

*Judgment affirmed.*